## Johann's Estate.

*Executors and administrators—Publication of notice—Legal periodicals— Creditors—Filing of accounts—Act of June 7, 1917, sect. 10, construed.*

1. The executor or administrator of a decedent, immediately after the grant of letters testamentary or of administration, should cause notice thereof to be given by publication, as provided by section 10 of the Act of June 7, 1917, P. L. 447.

2. When a county has a population of 150,000 or over, the publication of notice in a legal newspaper is also required.

3. The purpose of the publication of notice by an executor or administrator that letters testamentary or of administration have been granted to him is for the benefit of creditors and to enable them to present their claims properly against the estate, and the provisions of the act must be strictly observed.

4. An account cannot be filed until six months have elapsed after the granting of letters, and also after the date of the first publication of the notice of granting of letters.

Petition *sur* audit. O. C. Erie Co., Sept. Term, 1922, No. 48.

*John B. Eichenlaub,* for executor; *Charles Haughney,* for exceptant.

CLARK, P. J., Dec. 14, 1923.—A compromise settlement was effected and the exceptions withdrawn and are not now under consideration.

The testatrix died Jan. 19, 1923. Letters testamentary were issued Jan. 25, 1923, to Aloysius Johann, and he has been acting as executor since. Notice that letters had been granted were not published until March 9, 1923; the account was filed Aug. 11, 1923.

"The executors or administrators of every decedent shall, immediately after the granting of letters testamentary or of administration to them, cause notice thereof to be given" by publication, as provided by the acts of assembly: Fiduciaries Act of June 7, 1917, § 10, P. L. 447.

Provisions relating to administrative notices were included in the following acts: April 19, 1794, § 14, 3 Sm. Laws, 143, 149; March 29, 1832, § 19, P. L. 190, 194; and Feb. 24, 1834, § 1, P. L. 73.

The Act of June 7, 1917, § 10, P. L. 447, excepting it contains a provision relating to publishing notice in the legal periodical designated by rule of court, is like the Act of 1834; both require the publication to be made immediately after the granting of letters testamentary or of administration.

When a county has a population of 150,000 or over, the publication of notice in a legal newspaper is provided for in the Act of April 5, 1917, P. L. 49.

The foregoing legislative enactments have been in force for many years; they should be strictly followed; their non-observance results in unnecessary delay in the settlement of an estate and the audit of the fiduciaries' account. The purpose of the publication of notice by an executor or administrator that letters testamentary or of administration have been granted to him is for the benefit of creditors; they must have an opportunity to present their claims against the estate; they should know where and when this can be done and who the proper person is to receive them.

Creditors have a right to rely upon a notice running six months from the date of the first insertion.

The law, as we interpret it, and the decisions, as we understand them, relating to the filing of accounts and the publication of notice, is the account should not be filed until six months have elapsed after the grant of letters, and also after the date of the first insertion.

"The requirement of the Fiduciaries Act is, therefore, no innovation, for in substantially its present form it had been in the statute book for eighty-three years. It is not necessary to vindicate its wisdom, . . . the provisions of the

Johann's Estate.

statute cannot be disregarded. . . ." Cotter's Estate, 27 Dist. R. 1023. See, also, Hayden's Estate, 28 Dist. R. 39, 41; Cooper's Estate, 29 Dist. R. 230.

*Order.*—And now, Dec. 14, 1923, the account in this estate having been prematurely filed, it is referred back to the Register of Wills for readvertising and placing on the audit list for February Term.

From Lytle F. Perry, Erie, Pa.